PER CURIAM.
The claimant, a skilled mechanic, suffered compensable accidents in 1976 and 1977. As a result of the latter accident he was initially treated by Dr. Vega for cervical strain and, in light of continued complaints, referred to Dr. Gipson who prescribed the drug Fiorinal. In November of 1977 the claimant returned to Dr. Vega who, on November 22, advised him to return to full-time employment. He was discharged on November 25, with the notation that he had suffered no permanent injury. In March of 1978 he went to Dr. Wilson for an orthopedic evaluation. It was determined that electromyographic studies would be useful and he was given a list of several doctors who were authorized by the carrier to perform the studies. Included in this list was the name of Peter B. Dunne. The claimant, however, opted to have Dr. Arthur Pasach’s office do the studies and there was no further request for Dr. Dunne’s services. The judge’s finding that the carrier specifically authorized treatment by Dr. Dunne is not supported by the record. Dr. Dunne’s authorization was for the limited purpose of performing the electro-myographic studies. Based upon our conclusion that Dr. Dunne’s services were unauthorized, the order under review is reversed insofar as it directs the carrier to pay for Dr. Dunne’s services, pharmaceuticals prescribed by the doctor and the medical bills resulting from hospital confinement by the doctor.
*914 We find it necessary also to reverse the judge’s finding of temporary total disability commencing November 11, 1977. The order states: “It is Dr. Dunne’s opinion that Mr. Ingram is temporarily totally disabled and in need of medical treatment . .” Here again the record does not support the finding. We have reviewed Dr. Dunne’s testimony, and it is clear that he merely placed limitations upon claimant’s ability to function as an automobile body repairman. He never opined, as found by the judge, that the claimant was temporarily totally disabled. Claimant gave as his reasons for not returning to work his use of the drug Fiorinal and advice from his doctors. There is absolutely no showing that claimant’s use of medication was so incapacitating as to totally preclude employment. The order is reversed as to this point.
According to Doctors Gilberto E. Vega and Albert A. Wilson, the November 1, 1977 accident resulted in a cervical strain (a pulled muscle or tendon between the neck and shoulder blades). Dr. Vega testified that the claimant attained maximum medical improvement on November 25, 1977. There is no showing that there was any residual from the 1977 accident that would require future medical treatment. The lower back problems were not shown to have originated from, or been exacerbated by, the 1977 accident. The award for future medical treatment and the award of an attorney’s fee are accordingly reversed.
SHAW, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.
BOOTH, J., dissents with opinion.